Ewing, C. J.
The certiorari in this case has brought here the proceedings of a debtor, in confinement, seeking the benefit of the acts for the relief of persons imprisoned for debt; the issue formed between the debtor and one of his creditors; the trial of that issue in the Court of Common Pleas; the verdict of the jury in favor of the debtor - and the'judgment of the court that he be discharged out of custody according to the force, form and effect of the act. The certiorari is prosecuted by the opposing creditor, the-defendant in the issue, who has assigned several causes for setting aside the judgment.
One of them is that the Court of Common Pleas, on the-trial of the issue, rejected competent evidence offered by the defendant. The evidence offered, was to prove that the debtor “ had been off of and beyond the bounds of the prison limits after he had presented his petition for the benefit of the insolvent law and previous to the special term of the court assigned for the hearing of the debtor and his creditors.”
Before we examine the admissibility of such evidence, we-are to consider a preliminary objection raised against the-return or answer of the Court of Common Pleas, to a rule-of this court, whereby the offer and rejection of this evidence appears ; and which the defendant in certiorari insists-should be disregarded, because in the handwriting of the-counsel for the creditor. We are not authorized, as a general rule, an ¿^without any suspicion of malpractice, to reject a return for this cause. We cannot prescribe to the court the amanuensis whose services they may use, or are bound to decline. Bills of exceptions are in general drawn up by the counsel of the party who takes them. In the present instance, if we may notice the allegation, on the one hand,. *401 that the return is in the handwriting of the creditor’s counsel, we may, in like manner, take notice that it has been altered and corrected in the handwriting of the debtor’s counsel; *and the allegation is thereby strongly supported, that the answer was settled according to the views of the counsel of both parties. It has received the sanction of the signatures and seals of the judges of the court, and we are bound to respect it.
The- policy, as well as the terms, of the act for the relief of insolvent debtors suppose and require the debtor to remain in confinement, from the presentation of his petition, until his discharge by the court. Every section and provision of the act conveys and confirms this idea. Without so remaining in confinement, he has not “ well and truly complied with the act in all things.” It is true, as was urged on the argument, a departure from the limits is a forfeiture of the bond given by the debtor, and incurs the liability to its prosecution ; but the effect of the departure on the proceedings and application of the debtor is not prevented or absolved by such forfeiture or liability. One of the standing interrogatories proposed to the debtor on the hearing before the court [see the return to the certiorari] is whether he has at any time, between the day of his application and the hearing, been without the prison limits prescribed by law. The inquiry on the trial of the issue is not restricted* to the truth and honesty and fairness, or otherwise, of the surrender and disclosure of the insolvent’s estate and circumstances, but extends also to his conformity with the provisions of the act. And this clearly appears, first from the language of the declaration and plea, the one affirming and the other denying that he is an insolvent debtor, and that he has well and truly complied with the act in all things for the benefit and to the use of his creditors; 2d, from the provision in the seventh section that all proceedings had under the act on the part of the debtor may on the trial of the issue be deemed competent evidence, and that he should *402 farther than by the said proceedings maintain and prove the truth and legality of his case according to the issue on his part joined; and 3d, from the seventeenth section, which affords protection to the insolvent debtor who shall have given up all his estate, and conformed in all things to the direction of the act. Hence the evidence proposed on the part of', the creditor to shew that the debtor had departed from the limits,-and therefore had not in the language of the plea well and truly complied with the act, was competent and ought, to have been received.
*And because the evidence was rejected, I am of opinion, the judgment of the Court of Common Pleas, founded on the verdict in favor of the debtor ought to be reversed.
Drake, J. The defendant in certiorari made application for the benefit of the act, passed the 18th day of March, 1795, by which persons in actual confinement for debt may be discharged as insolvent debtors. The act directs the court to appoint a day when the debtor shall be heard ; of which the creditors are to have notice; and contemplates that, on that day, the debtor shall exhibit a true account of his estate, and a list of his creditors, with the sums due to them ; that he shall make proof of having given the proper notices to his creditors; and that he shall answer such interrogatories as shall be proposed to him by the court touching the disposition of his estate, &c., and by a subsequent act, passed the 28th day of November, A. D. 1822, it is made the duty of the court also to examine the debtor whether his imprisonment was compulsory, or voluntary and whether he had, “ at any time, between the day of his application to the court and the time of his examination, been without the prison limits prescribed by lawand directing the court to stay all further proceedings in the case, if it should appear that the debtor had been without the prison limits, or that his confinement was not compulsory. If," upon this hearing, the court shall'be satisfied that *403 the conduct of the debtor has been fair and upright they may proceed to discharge him from confinement, unless some creditor shall undertake to prove, by the first day of the next term, that the debtor “has not fairly, fully and honestly delivered up the whole of his estate to the use and benefit of his creditors.”
Such an undertaking was made, in this case, on the day of hearing, by Peter Smick, an opposing creditor. In consequence of which, the debtor was remanded, and his case came on to be heard before a jury, in the Court of Common Pleas of the county of Hunterdon.
Upon the trial, several questions were made, arising out of the imperfect manner in which tho preliminary proceedings, including those of the special court, appeared in evidence; and also as to the proper effect of those proceedings, provided *they were sufficiently proved. The creditor insisted that the whole case w as open to investigation before the jury; and offered to prove that the debtor had been off and beyond the limits, after he had presented his petition, and previous to the special term appointed for his hearing. This was resisted by the counsel for the debtor; who argued that the pleadings and issue were to be interpreted by the ■creditor’s undertaking which had given rise to them, and which would confine the controversy to the debtor’s conduct in the disposition and surrender of his estate; and that the application, proof of notices, actual and compulsory confinement of the debtor, and such other matters as might have been inquired into at the first hearing, other than that-embraced in the undertaking, should be considered as put at rest by the proceedings and adjudications of the special court. The evidence offered was overruled, and this is assigned as a reason for setting aside the discharge.
The nature of the creditor’s undertaking, and some other parts of the act, seem to favor this construction, and the opposite one appears objectionable inasmuch as it imposes upon the debtor the burden of a double investigation of the *404 same facts. Yet; in my opinion, these reasons cannot prevail against the language of the act, which not only prescribes pleadings and an issue co-extensive with the-whole case, but expressly directs, that on the trial of that issue, “ all proceedings had under this act on- the part of the debtor may be, before the court and jury, deemed competent, but not conclusive, evidence on his part;” and he is-directed to maintain the truth and legality of his case, further than by those proceedings. The inconclusive-nature of these preliminary proceedings is here too plainly declared to be yielded to any course of reasoning however plausible, or any other language of the act, admitting of,, but not requiring, a contrary construction.
It was long ago decided in the case of Timothy Brush, 1 Hoisted, 404, that an actual confinement was necessary to-enable a debtor to avail himself of the act of 1795. And the legislature seem to recognize its importance, when, by the supplement of 1822, they make it the duty of the special court, even if there be no opposing creditor, to inquire into it, and to stay further proceedings if the debtor has been off the limits. This, *then, was a material part of the conduct of the debtor, embraced within the issue, and open to investigation before the jury; and the exclusion of evidence concerning it was erroneous, and must-be fatal to the judgment of discharge.
Eobd, J., concurred.
Judgment reversed.